### 20463. HOME INSURANCE COMPANY *v.* PARKS, administrator.

STEPHENS, J. 1. Where an application for a policy of fire insurance has been accepted and a policy issued, a delivery of the policy is not essential to the validity of the contract, in the absence of a special agreement to this effect. Civil Code (1910), § 2470.

2. It appearing from undisputed evidence that the policy had issued and been delivered to the local agent for the purpose of delivery to the insured, and it not appearing from the evidence that there ·was any special agreement that the policy should be actually delivered to the insured, and it appearing without dispute that the insured, after the issuance of the policy, had made a payment upon the note sued on which he had given for the premium on the policy, the inference is demanded that the contract of insurance was consummated. A statement made by the defendant to the local agent, after the execution of the note, which accompanied the application for the policy, that he would not pay the note unless the policy was delivered to him, and that "after the insurance was written" the insured "agreed" with the local agent that he would not pay the note unless he got the policy, is not sufficient to authorize the inference that the policy was issued under a special agreement that it would not become valid and effective until its actual delivery to the insured.

3. Where an applicant for fire insurance represented in the application that the property to be insured belonged to him, when in fact it did not, but belonged to his intestate, and a policy covering the property was issued to the applicant, whether or not the insurer had knowledge of the fact that the property did not belong to the applicant, the applicant can not, upon the alleged ground that the policy was void by reason of the fact that the title to the property was not in him, plead a failure of consideration for a note given by him for the premium on the policy. Whether the policy was void for this reason, the applicant, by reason of having obtained the policy upon a false representation that the property belonged to him, would be estopped from asserting the invalidity of the policy upon the ground that the title to the property was not in him, as constituting a failure of consideration for the note given for the premium on the policy.

4. A note executed by a person who signs his name thereto followed by the expression, "administrator of" a named estate, is his individual undertaking.

5. This being a suit against the maker of the note, the uncontradicted evidence, under the above rulings, failed to sustain the plea of a failure of consideration upon the ground that the insurance policy, for whose premium the note was given, had not been delivered to the defendant, and that the policy was void by reason of the fact that the property covered by it was not the defendant's property. The evidence demanded a verdict for the plaintiff, and the verdict found for the defendant was without evidence to support it. The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*