43963. MODERN FREE AND ACCEPTED MASONS OF THE WORLD v. CLIFF M. AVERETT, INC. et al.

Argued October 9, 1968—Decided November 12, 1968.

*Marilyn W. Carney,* for appellant.

*Nelson C. Coffin, H. Norwood Pearce,* for appellees.

DEEN, Judge. ■ The name of an organization followed by the name and office of an authorized individual as the signatory of a note constitutes a signature made in a representative capacity. *Code Ann.* § 109A-3—403 (3). Such a signature is presumed to be authorized, and if it is desired to challenge its effectiveness it must be specifically denied in the pleadings. *Code Ann.* § 109A-3—307. No issue as to the authority of Baldwin to sign the note was made on the trial of this case, and it accordingly constituted an obligation of the defendant. While there is some testimony as to a renewal note, no such note appears in the record. Nor would a mere renewal change the obligation. *King v. Edel,* 69 Ga. App. 607, 612 (26 SE2d 365).

■ There is no testimony that the plaintiff turned over the automobile which constituted the collateral for the note to McMath other than in McMath's capacity as an officer of the defendant. Since the same witness who undertook to testify to the allegations of the motion to make a third party defendant further testified that no question of the authority of McMath arose until after October, 1966, and it was after that time that the plaintiff received the car and turned the car over to McMath, there was no proof of an accord and satisfaction in 1965 as alleged. At best, the witness testified to two contradictory and mutually exclusive states of fact.

■ Since the trial court was authorized to find that there was no accord and satisfaction of the note and since it does not appear that the note sued on was in fact paid by a renewal note, the conclusion is inevitable that the defendant owed the balance, less any amount in which the collateral (the automobile) might have depreciated as a result of the plaintiff releasing it to an unauthorized person who caused it damage. Since McMath was at least a de facto officer of the defendant at the time this

occurred (it appears that two groups were contending for control of the lodge) it is not at all certain that the plaintiff was wrong in releasing the car to him in his capacity as such officer. If, however, this was a wrongful act against the defendant it would not constitute a complete defense to the indebtedness on the note, but it would be incumbent on the defendant to show the amount of damage attributable to this act. This it utterly failed to do. Nor did the testimony establish that McMath was in no way related to or connected with the defendant's organization as alleged, since it appears that he was in physical possession of the offices and was acting as an officer of the organization at the time.

The evidence establishes that the note was the obligation of the defendant. It fails to establish the defenses of payment, accord and satisfaction, or novation.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*