44587. MOORER v. MERRILL.

ARGUED JULY 7, 1969—DECIDED SEPTEMBER 3, 1969.

252

*D. R. Cumming, Jr., John G. Aldridge,* for appellant.

*Rich, Bass, Kidd & Broome, E. Dale Dewberry,* for appellee.

FELTON, Chief Judge. █ The contention that the defendant should have prevailed in this cause because the obligations and bases for causes of action in the plaintiff were merged in the judgment obtained by the plaintiff in an action therefor is without merit. The doctrine applies in some cases insofar as enforcement of process to collect the debt is concerned. "The doctrine of merger will not, however, be carried any further than the ends of justice require. The judgment does not annihilate the debt, destroy the character as evidence, or change the essential nature and real foundation of the cause of action.

It does not preclude all inquiry as to the character or nature of the original cause of action, or an ascertainment of whether or not the claim is really one of a nature such as the court is authorized to enforce; and, when the essential rights of the parties are influenced by the original contract, the court will look behind the judgment for the purpose of ascertaining what the original contract was. The judgment only changes the form of action for recovery. The incident of the old debt may be carried forward to prevent the inequitable destruction of a right, privilege, or exemption." 50 CJS 22, Judgments, § 599. The doctrine does not apply in this case. *Aiken v. Bank of Ga.,* 101 Ga. App. 200 (113 SE2d 405), cited by the appellant as authority for the proposition that the doctrine of merger forecloses recovery in this case, does not sustain the contention urged. (The writer dissented in that case on the main issue only.) On that point see *Kendrix v. Superior Egg Co.,* 99 Ga. App. 575 (109 SE2d 59) and *Peterson v. Calhoun,* 137 Ga. 799 (74 SE 519).

■ Also without merit is the contention by the defendant that the principle of res judicata demands a finding in his favor. The causes of action in the action on the original and the action on the reaffirmation agreements are not the same. The obligation on the original notes merged into the judgment, insofar as direct additional action on them is concerned. The reaffirmation agreement suspended the operation of the judgment and revitalized the original obligations in the three notes by extending the time of payment of the sums due for two years. The acceptance of the note by the plaintiff bound him for the extension of the time even though he did not sign the affirmation agreements.

■ The defendant was personally bound on one of the notes. One of them he endorsed as security for the corporation. This obligation was discharged by the defendant's adjudication in bankruptcy and discharge. An agreement to revive it is founded on a sufficient consideration since the discharge does not affect the debt. It merely prevents enforcement thereof. There was sufficient consideration for the above note under the reaffirmation agreement.

254

■ The terms "reaffirm" and "reaffirmation document" are not appropriate designations of the agreement on the part of the defendant to pay the obligation of the notes on which the corporation alone was liable. The defendant evidently thought that he was personally obligated. But even if the parties had the wrong reason for doing what they did as to these obligations, their object and intention was accomplished and the transaction should not be aborted simply because one legal theory on which the agreement could have been based did not exist when there is a legal theory upon which it can survive and which supports and is consistent with the intent of the parties. The defendant could legally obligate himself to answer for the corporation debt if he did so in writing and for a consideration. The consideration in this instance was the agreed forbearance of the plaintiff to collect the debts for two years. *Loewenherz v. Weil,* 33 Ga. App. 760, 765 (127 SE 883); *Saul v. Southern Seating Co.,* 6 Ga. App. 843 (65 SE 1065); *Foote v. Reece & Son,* 17 Ga. App. 799 (88 SE 689); *Watkins Medical Co. v. Marbach,* 20 Ga. App. 691 (93 SE 270).

■ The contention that the plaintiff is barred from recovery on the documents sued on because he agreed that if they were executed by the defendant he would approve the reorganization plan to be agreed on by the creditors of the Cherry Transfer & Storage Co. and failed to do so is without merit. The plaintiff accepted the documents sued on and thereby was bound to fulfill his promise to sign the reorganization agreement. The record shows that the plaintiff's attorney at law signed the agreement for the plaintiff probably without the plaintiff's knowledge. There is no evidence that any injury was done to anyone by reason of the plaintiff's failure to personally sign the reorganization agreement. Under the facts we see no reason why the plaintiff's failure to sign the agreement should defeat his recovery in this case.

■ There is no evidence to authorize a finding that the reaffirmation agreements were procured by fraud in that the plaintiff promised to sign the reorganization agreements with the intention at the time not to perform the promise.

■ Enumerated errors not argued are treated as abandoned.

■ The judgments are affirmed with direction that the court write off the sum of $150 from the judgment to represent the balance of moneys not received from the plaintiff when the notes were executed, which the court, through oversight, neglected to deduct in the direction of the verdict and entering of the judgment.

*Judgments affirmed with direction. Pannell and Quillian, JJ., concur.*