45665. PHOENIX AIR CONDITIONING COMPANY INC.
v. POUND et al.

WHITMAN, Judge. 1. This case arises from an action by the payee of an unconditional promissory note against the two persons who signed the note. The printed-form note recites a promise to pay the plaintiff a certain sum in instalments at specified times. The note was past due. The three suits which "Phoenix" had instituted as instalments came due were consolidated for the purpose of trial.

Across the top of the note is the following conspicuous typewritten language: "This note constitutes payment in full of all sums due by Summit Productions, Inc. to Phoenix Air Conditioning Co., Inc."

The note is signed as follows: "by E. C. Pound, Jr. President (Seal) A. R. Kivette, Secy. (Seal)"

By the evidence it was established without conflict that defendants Pound and Kivette were corporate officers of Summit Productions, Inc. and were authorized to act for and represent same.

There are instances where parol evidence is admissible in litigation between the immediate parties to a note to prove the capacity in which a signature was affixed, e.g., if the instrument names the person represented but the signature is not made in a representative form, or if there is a signature in representative form but the principal's name does not appear. See *Kramer v. Johnson,* 121 Ga. App. 848, 849 (176 SE2d 108); *Code Ann.* § 109A-3—403 (2b) (Ga. L. 1962, pp. 156, 257). However, if one, notwithstanding that he is an authorized representative and can prove such, signs his name in a nonrepresentative form to an instrument which does not name his principal, then he is personally obligated thereon. Parol evidence would not be admissible to alter the obligor. *Code Ann.* § 109A-3—403 (2a), supra. Generally, see Annot. 23 ALR3d 932, 965 (§ 11); Bender's Uniform Commercial Code Service, Forms and Procedures under UCC, Hart & Willier, Paragraph 32.07[3].

The instrument in the case sub judice names the principal represented. It shows it is made on behalf of the principal. It shows that Pound and Kivette signed their names in their representative capacities. There is no ambiguity in the instrument in this regard which would admit of parol evidence to alter the obligation. The note represents the corporate obligation of Summit Productions, Inc., and not a personal obligation of Pound or Kivette. *Modern Free &c. Masons v. Cliff M. Averett,* 118 Ga. App. 641 (1) (165 SE2d 166).

The trial court did not err in granting the defendant-appellees' motion for a judgment notwithstanding the verdict in accordance with their motion for a directed verdict previously made, which latter motion was made on the ground that the note itself and the evidence disclosed a corporate obligation only.

2. The remaining enumeration of error of appellant, relating to the opening of a default as to one of the three cases it had brought on the note, is without merit.

*Judgment affirmed. Bell. C. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 9, 1970—DECIDED MARCH 3, 1971—
REHEARING DENIED MARCH 30, 1971—CERT. APPLIED FOR.

*Lanier Randall,* for appellant.
*Gerstein & Carter, Joe W. Gerstein,* for appellees.