47370. FIRST NATIONAL BANK OF ATLANTA v. C. & S. CONCRETE STRUCTURES, INC. et al.

QUILLIAN, Judge. The plaintiff in this case, the First National Bank of Atlanta, appeals to this court from a judgment on the pleadings which decreed that the defendants, Vernon Crutcher and G. E. Strickland, were not personally liable on a promissory note. The order provided that the defendants be discharged from

the suit. The promissory note in question was payable to the plaintiff and signed C. & S. Concrete Structures, Inc. by Vernon Crutcher, President, and G. E. Strickland, Secretary and Treasurer. On back of the note was found under the portion entitled name "C. &. S. Concrete Structures, Inc.," and then followed under appropriate columns information with regard to the loan, such as interest, due date and amount; then under this information were the signatures "Vernon Crutcher, President," and "G. E. Strickland, Secretary and Treasurer." Both titles were typed in.

The plaintiff contends that there is a lack of continuity between the corporate name and the signatures so as to authorize the introduction of parol evidence to explain the ambiguity as to whether the individuals in question signed in an individual or representative capacity. It is also urged that the fact the note was signed by the corporation served to indicate that the endorsements on the back were in an individual capacity. *Held:*

Code Ann. § 109A-3—403 (3) (Ga. L. 1962, pp. 156, 257 ) provides: "Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity." The Official Comment of the Uniform Commercial Code § 3-403, Comment 3, points out "The unambiguous way to make the representation clear is to sign ['Peter Pringle by Arthur Adams, Agent']. Any other definite indication is sufficient, as where the instrument reads 'Peter Pringle promises to pay' and it is signed 'Arthur Adams, Agent.' Adams is not bound if he is authorized." In *Phoenix Air Conditioning Co. v. Pound,* 123 Ga. App. 523 (181 SE2d 719), this court considered a note which contained the language: " 'This note constitutes payment in full of all sums due by Summit Productions, Inc. to Phoenix Air Conditioning Co., Inc.'

The note is signed as follows: 'by E. C. Pound, Jr. President (Seal) A. R. Kivette, Secy. (Seal).' " Pound and Kivette were corporate officers of Summit Productions, Inc. It was there held that there was no ambiguity in the instrument which would admit parol evidence to alter the obligation; "The note represents the corporate obligation of Summit Production Inc., and not a personal obligation of Pound or Kivette." *Phoenix Air Conditioning Co. v. Pound,* 123 Ga. App. 523, 524, supra. In this case, the name of the organization was followed by the name and office of the individuals in question. Hence, the signature was made in a representative capacity.

The trial judge did not err in granting a judgment on the pleadings in favor of the defendants.

*Judgment affirmed. Bell, C. J., Hall, P. J., Deen, Clark and Stolz, JJ., concur. Eberhart, P. J., Pannell and Evans, JJ., dissent.*

ARGUED SEPTEMBER 8, 1972 — DECIDED JANUARY 5, 1973 — REHEARING DENIED MARCH 1, 1973 — ■

*Hansell, Post, Brandon & Dorsey, Terrence Lee Croft, Julian B. McDonnell,* for appellant.

*Thomas H. Antonion, Harvey & Willard, Wendell K. Willard,* for appellees.

PANNELL, Judge, dissenting. "The abbreviations and letters, 'Treas.,' and 'V. P.,' following the names respectively of two indorsers on a promissory note, are mere words of description, and the obligation incurred by such indorsers is personal." *Morris v. Reed,* 14 Ga. App. 729 (1) (82 SE 314).

" *Signature in ambiguous capacity.* Unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement." Ga. L. 1962, pp. 156, 257 (Code Ann. § 109A-3—402).

In the present case the corporate officials signed on front in their official capacity and there is no contention

that the corporation is not bound thereby. On the back they signed and their offices were designated.

If they signed, as they contend, making the corporation surety instead of them personally, the question arises: why, when the corporation was bound as principal should it indorse as surety? This would either be a nullity or an absurdity.

The location of signatures — and the designation of signees as "Pres." and "Sec. Treas."—would indicate that the words were descriptio personae only and parol testimony would be permissible to explain ambiguity.

I would reverse the trial judge's ruling that they signed only in a representative capacity and dismissing suit as to them.

I am authorized to state that Presiding Judge Eberhardt and Judge Evans concur in this dissent.

EVANS, Judge, dissenting. I concur in Judge Pannell's dissent, and respectfully insist that the following additional authorities support that dissent: Code § 4-401; Code Ann. § 109A-3—403 (Ga. L. 1962, pp. 156, 257); *Hopson v. Johnson,* 110 Ga. 283 (34 SE 848); *Harris v. Woodard,* 133 Ga. 104 (65 SE 250); *Stubbs v. Fourth National Bank,* 12 Ga. App. 539 (1) (77 SE 893); *Nolin v. Mooty,* 29 Ga. App. 97 (113 SE 814); *Home Ins. Co. v. Parks,* 42 Ga. App. 482 (4) (156 SE 471); *Higginbotham v. Adams,* 192 Ga. 203, 207 (14 SE2d 856); *Kramer v. Johnson,* 121 Ga. App. 848 (176 SE2d 108).