## 53934. SEAMON v. ACREE et al.

SHULMAN, Judge.

Appellee brought suit on two checks, drawn by appellant, which were dishonored by the drawees. Each check had printed on it the name of a corporation, but each

was signed by appellant with no further indication of a representative capacity. This appeal is from the lower court's holding following trial before the judge alone that appellant is personally liable on the checks.

Only one issue is presented for decision by this court: when an instrument which has the name of a corporation printed on it is signed by an individual without additional language setting forth a representative capacity, is the individual personally liable on the obligation evidenced by the instrument? Our short answer is, yes.

Code Ann. § 109A-3 — 403 (2) provides as follows: "An authorized representative who signs his own name to an instrument . . . (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity. . ."

The ". . . except as otherwise established . . ." clause in the quoted Code section has been held to authorize the admission of parol evidence to prove the signature was made in a representative capacity. *Kramer v. Johnson,* 121 Ga. App. 848 (2) (176 SE2d 108). However, there was no such evidence tendered here. In the absence of proof that the signature was made as a representative, the provisions of Code Ann. § 109-3 — 403 (2) (b) apply. The inescapable result is personal liability.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED MAY 10, 1977 — DECIDED JUNE 13, 1977 —
REHEARING DENIED JUNE 28, 1977.

*Martin L. Fierman,* for appellant.
*Moulton, Carriere, Davan & Maloof, Bryan M. Cavan,* for appellees.