## 53975. ORR et al. v. WOODRUFF-ROBINSON, INC.

McMURRAY, Judge.

This is a suit on a promissory note representing the balance due in the purchase of insurance. The defendants, a partnership, answered, denying any indebtedness, but thereafter admitted the execution of the note, the existence of the partnership and the payment of $3,262.50 on the indebtedness of $5,437.43 (thus leaving an indebtedness of $2,174.93 on the note). But the defendants' answer, as amended, still contends that there was a mistake of fact as to the amount of the indebtedness due. However, no request for an accounting has been made. During discovery, in response to interrogation by plaintiff's counsel, the defendant Orr admitted owing, according to the terms of the note, the amount set forth in the note and in plaintiff's suit. But defendants contend the insurance had been canceled, and that certain credit should have been given, although defendant Orr was not definite and certain in what amount.

At the hearing of a motion for summary judgment the defendants moved for a continuance to obtain a court reporter. The motion for continuance was denied, and judgment was granted in favor of plaintiff. Defendants appeal. *Held:*

1. Generally, motions for summary judgment are not heard on oral testimony. Under Code Ann. § 81A-156 (CPA § 56; Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238) the same is heard by the court by examining the pleadings and the evidence before it. Evidence on such motions may be heard orally in some instances, provided proper notice for same is given. Here the court did not hear the case on oral testimony nor did it intend to do so, since the court did not direct "that the matter be heard wholly or partly on oral testimony. . ." See Code Ann. § 81A-143 (CPA § 43, Ga. L. 1966, pp. 609, 654; 1968, pp. 1104, 1108). If counsel had desired that the proceeding be reported, counsel should have arranged in advance of the hearing for a reporter to be present to take down the proceeding if defendants desired that this be done, and there are alternative methods of disposing of the need for a reporter. See Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24); *Savage v.*

*Savage,* 234 Ga. 853, 855 (218 SE2d 568). The court did not err in denying the motion for continuance in order that a court reporter be obtained to take down the proceeding.

2. Once the signature on the note was admitted by the defendants, the defendants then had the burden of establishing any affirmative defense they might have to plaintiff's action. See Code Ann. § 109A-3—307 (Ga. L. 1962, pp. 156, 256); *Colodny v. Dominion Mtg. &c. Trust,* 141 Ga. App. 139, 141 (1) (232 SE2d 601); *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767 (189 SE2d 108). The deposition thereafter discloses that one defendant partner when requested to explain how the note was in error or was a mistake of fact (which he apparently was contending was due to the failure to give credit for cancellation of the insurance policy for which the note had been given) was unable to explain how there was an error or how much the note was in error as to the amount due, and he answered to one question, "I did not say that this here note right here is a mistake of fact." The defendants had the duty to present their case at the hearing after the admission of the execution of the note created a prima facie case. The defendants failed to rebut same, and the court did not err in awarding a summary judgment against them. See *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49, 57 (230 SE2d 45); *Strickland v. C. & S. Nat. Bank,* 137 Ga. App. 538, 540 (224 SE2d 504).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED MAY 23, 1977 — DECIDED JULY 14, 1977.

*Kirby & Miller, Allan M. Miller,* for appellants.
*Armour & Cielinski, Michael P. Cielinski,* for appellee.