## 54282. HEALTHDYNE, INC. v. HENRY.

McMURRAY, Judge.

This is a suit for legal services and sums due on a promissory note allegedly executed in payment of legal services rendered by the attorney at law for Healthdyne, Inc. in connection with various patent law matters

performed by the plaintiff, Patrick F. Henry, prior to January 1, 1976. Defendant answered admitting jurisdiction but denied each and every other allegation contained in the complaint. It pleaded it received no consideration for the note, and also denied that attorney fees would be due on the note since it did not provide for collection of attorney fees.

Thereafter, in its answer to a request for admissions it denied that an alleged copy of a promissory note was the same note it had signed because no copy was attached to the request. It then admitted that Henry had performed professional legal services for it before January 1, 1976, in connection with certain patent law matters; that it did execute a promissory note; did employ Henry to perform the legal services the benefit of which it had received, but denied receiving the benefit of professional legal services performed by Henry during the year 1976. It admitted that it had received a bill for legal services, that it had not paid the amount of a certain note, dated January 1, 1976; that demand was made upon it and received by it but that it was not due and payable.

Plaintiff moved for summary judgment based upon the request for admissions and an affidavit submitted by him with reference to the legal services he had performed. In response to the motion defendant filed an affidavit again insisting that it had received no consideration from plaintiff in exchange for the promissory note which is the subject matter of plaintiff's complaint. Summary judgment was then granted by the court to the plaintiff on the note in the amount of $2,034.72 plus interest of $192.71, for an aggregate of $2,227.43. No attorney fees were granted as to the note, and plaintiff was not awarded any amount of the $450 professional legal services allegedly performed after 1976 which plaintiff also seeks in this suit. Defendant appeals. *Held:*

1. Because of the method in which defendant answered the request for admissions the existence of the note and the signatures thereon have been admitted to be bona fide those of the agents of the corporation authorized to execute same. See Code § 109A-3—307 (Ga. L. 1962, pp. 156, 256). Defendant by its own admissions admitted that legal services were rendered prior to January 1, 1976. The

amount due and owing for such legal services in the amount of $2,826 was established by affidavit of plaintiff on personal knowledge that he had not been paid on the note or for such legal services performed. On motion for summary judgment supported by affidavit or otherwise as provided by the Civil Practice Act the adverse party may not rest upon the mere allegation of denial of his pleadings (here being that there was no consideration for the note) but must respond by affidavits or otherwise as provided by the Civil Practice Act and must set forth specific facts showing that there is a genuine issue for trial. Code Ann. § 81A-156 (e) (§ 56(e), CPA; Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759); *Sasser & Co. v. Griffin,* 133 Ga. App. 83 (210 SE2d 34); *Oglesby v. Farmers Mut. Exchange,* 128 Ga. App. 387, 389 (196 SE2d 674).

On summary judgment when faced with the requirement that it produce specific facts showing why there was a failure of consideration, it failed to do so. An affidavit was made by the president, but it does not show it was made on personal knowledge as required by Code Ann. § 81A-156 (e), § 56 (e), CPA, supra, in stating that Healthdyne, Inc. received no consideration from the plaintiff in exchange for the promissory note. See *Ga. Hwy. Express v. W. D. Alexander Co.,* 124 Ga. App. 143 (183 SE2d 215); *Summer v. Allison,* 127 Ga. App. 217, 224 (193 SE2d 177); *Crowder v. Electro-Kinetics Corp.,* 228 Ga. 610, 612 (1) (187 SE2d 249). Thus, the statement in the affidavit that Healthdyne received no consideration from the plaintiff in exchange for the promissory note amounted to a mere conclusion on the part of the affiant. It does not create an issue of fact, nor does it amount to evidence of specific facts for jury determination. See *Cornelia Planing Mill Co. v. Wilcox,* 129 Ga. 522 (59 SE 223). Further, no new consideration is necessary for a note given in payment of or as security for an antecedent obligation of any kind. *Doyal v. Ben O'Callaghan Co.,* 132 Ga. App. 336, 337 (208 SE2d 136). The trial court did not err in granting the partial summary judgment as to the amount due on the promissory note plus interest thereon even though a part of the complaint remains as to the services rendered on account.

2. The other enumeration of error is based upon a

contention that the trial court was required to make findings of fact and conclusions of law with its order granting summary judgment. Such is not required by the Civil Practice Act. See *Southern Guaranty Ins. Co. v. Duncan,* 129 Ga. App. 632, 634 (200 SE2d 483); *Nelson v. Mexicana de Jugos Y Sabores,* 139 Ga. App. 612 (1) (229 SE2d 102); *Walker v. Walker,* 238 Ga. 273 (232 SE2d 554).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED OCTOBER 13, 1977 — REHEARING DENIED NOVEMBER 18, 1977.

*Richard E. Thomasson,* for appellant.
*Dillard & Shearer, Patrick F. Henry, Jr.,* for appellee.