## 60197. LONG v. ROYSTER COMPANY.

Sognier, Judge.

In July, 1979 the Royster Company sued Long on a promissory note. Long, a farmer, had purchased fertilizer on open account from Royster's dealer and in March, 1979, after the account had become overdue, Royster liquidated the indebtedness by drawing up a note which was due and payable in April, 1979. Long's answer asserted defenses of failure to state a claim, failure of consideration, non est factum, nul tiel corporation, fraud, forgery and that Royster was a foreign corporation without a certificate of authority to do business in Georgia. By counterclaim, Long sought cancellation of the note.

In September, 1979 Royster deposed Long and subsequently filed a motion for summary judgment to which was attached a certificate of the Secretary of State of Georgia showing Royster was authorized to transact business in Georgia. Long filed his affidavit in response to Royster's motion. The trial court granted Royster's motion for summary judgment. We affirm.

Long admitted on deposition and in his affidavit that he had signed the note in question. In his affidavit Long denies consideration for the note although on deposition he admitted that he had signed the note for the debt, including interest, because "my understanding was that they would give me some time to get the money up." No specific facts were shown in his affidavit to contradict this statement. Forbearance to sue on an obligation that is due is a

valid consideration sufficient to support a contract. *Mason v. Blayton,* 119 Ga. App. 203, 206 (166 SE2d 601) (1969). Long's conclusion in his affidavit regarding the failure of consideration was not sufficient to create an issue of fact absent any specific facts to support the denial of consideration. *Healthdyne, Inc. v. Henry,* 144 Ga. App. 52, 54 (240 SE2d 259) (1977).

Long asserted on deposition and in his affidavit that he was an uneducated man and could not read or understand legal documents. However, he also admitted that he understood that he would be given additional time to pay the bill and that the amount on the note would reflect the correct amount of his account. Long alleges no fraudulent acts on the part of Royster which prevented him from reading or understanding the contents of the note. "One having the capacity and opportunity to read a written contract and who signs it, not under any emergency, or whose signature is not obtained by trick or artifice of the other party, cannot afterward set up fraud in the procurement of his signature to the instrument." *Feltman v. Nat. Bank of Ga.,* 146 Ga. App. 434, 437 (246 SE2d 447) (1978); see also *Hart v. Trust Co. of Columbus,* 154 Ga. App. 329, 330 (268 SE2d 384) (1980).

There was no error in granting appellee's motion for summary judgment.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JULY 7, 1980 — DECIDED OCTOBER 20, 1980.

*J. Laddie Boatright,* for appellant.
*Malcolm F. Bryant, Jr.,* for appellee.