63115. WHITFIELD et al. v. BROADVIEW PLAZA LTD.

McMURRAY, Presiding Judge.

This case involves a suit on a promissory note brought against the principal officers of a corporation who executed the note in their individual capacity. In Count 1 the plaintiff seeks judgment against them in the amount of $1,539, plus 15% attorney fees. In Count 2 it sought judgment against the corporate defendant under the lease attached. In Count 3 it sought damages for repair of the premises incurred after the defendant corporation vacated the premises. In Count 4 it sought punitive damages against the defendant corporation in addition to the actual damages allegedly involved.

We are concerned here only with the grant of a summary judgment in favor of the plaintiff against the defendant individuals who had executed the promissory note. In support of the motion for summary judgment the president of the realty group managing plaintiff's shopping center set out by affidavit that as the custodian of the records of the plaintiff pertaining to the rent to the defendant corporation the two defendant individuals had executed the note obligating them individually for the entire amount of $4,049.19 to secure the past indebtedness of the defendant corporation for back rent for the space leased in the shopping center and for payment for a sign displayed on the premises, and in consideration thereof the plaintiff agreed to refrain from dispossessing the corporate defendant or taking any other action against it or the defendant individuals for the past due indebtedness. The affiant also deposed that the remaining unpaid balance on the note was $1,539.

In response to the motion one of the defendant individuals deposed that the plaintiff never promised to refrain from dis-possessing the corporate defendant as consideration for the signa-tures on the note and contends that the promissory note was for a sign in question in the amount of $1,731.60 now in possession of the plaintiff being used either by the plaintiff or one of its tenants for the

benefit of the plaintiff, and the value of the sign is at least $1,539, which should be "sufficient to off-set the unpaid balance on the promissory note." Other parts of the affidavit are in reference to another sign which the plaintiff allegedly deliberately removed without the consent of the defendants in violation of the lease agreement.

In further elaboration of the motion for summary judgment the president of the realty group managing the shopping center submitted an additional affidavit deposing as to the circumstances with reference to the signs in question.

One of the defendant individuals then further deposed with reference to the signs in question which had been removed by the realty group.

The motion for summary judgment having been reset for hearing the plaintiff's motion was granted jointly and severally against the two defendant individuals for $1,539 principal and $230.85 in attorney fees (15%), plus costs and interest. The defendant individuals appeal. *Held:*

1. Defendants' argument here is that the plaintiff may not sue for the entire purchase price of an item while it retains use of that item as set forth in Code Ann. § 109A-9—505 (Ga. L. 1978, pp. 1081, 1132). However, the promissory note was executed by the defendants, as shown by the affidavit of the president of the realty group collecting the rents, upon plaintiff's agreement to refrain from dispossessing the corporate defendant or taking any other action against it or the defendants for the past due indebtedness and also, "for payment for a sign displayed on the premises." The defendant affiant did not dispute the claims of plaintiff that part of the funds of the note was for past due rent. The defendants in answering the suit did not plead a set off against the unpaid balance on the promissory note but did so by amendment by one of the defendant individuals, contending that, "[o]f the original amount of the note ($4,040.19), $1,731.60 was used to purchase an outdoor sign for Defendant's business." This issue is in reference to the corporate defendant's activities and not that of the two defendant individuals executing the promissory note in payment of the past due indebtedness of the corporation. Plaintiff contends that a set off and recoupment are counterclaims and not defenses. See *Gwinnett Commercial Bank v. Flake,* 151 Ga. App. 578, 579-580 (1) (260 SE2d 523). Under *Swim Dixie Pool Corp. v. Kraemer,* 157 Ga. App. 748 (278 SE2d 448), and *Baitcher v. Louis R. Clerico Assoc.,* 132 Ga. App. 219, 220 (1) (207 SE2d 698), the set off claim was not properly added by amendment since it was not originally pleaded as a compulsory counterclaim, hence defendants have failed to present a motion asserting that the

counterclaim was omitted through an oversight, inadvertence, excusable neglect or when justice requires. Plaintiff thus contends that the counterclaim is not properly before the court. However, we do not reach this issue since it does not appear that the sign in any way involves the two defendant individuals, the same being the property of the corporation and a dispute between the lessor and the lessee with reference to the signs. We thus move to the issue of whether the two individual defendants executing the note have in any way pierced the affidavit of the realty group's president with reference to the indebtedness due. These defendants do not dispute the execution of the note.

2. An authorized representative who signs his own name to an instrument is "personally obligated if the instrument neither names the person represented nor shows that a representative signed in a representative capacity." See Code Ann. § 109A-3—403 (Ga. L. 1962, pp. 156, 257). *Orr v. Woodruff-Robinson, Inc.,* 142 Ga. App. 861, 862 (2) (237 SE2d 463); *Ivey Contracting Co. v. Elliott,* 151 Ga. App. 361, 362 (1) (259 SE2d 658). Consequently, the defendants having executed the note in their individual capacity are individually liable on the note. Compare *Phoenix Air Conditioning Co. v. Pound,* 123 Ga. App. 523 (1) (181 SE2d 719).

3. Under Code § 3-204 joint or joint and several obligors or promissors here residing in different counties may be sued as such in the same action in any county in which one or more of the defendants shall reside. Accordingly, the court having jurisdiction of one of the defendant individuals it had jurisdiction of the other and there is no merit that the State Court of Fulton County would not have jurisdiction and venue over one of the defendants living in an adjoining county.

4. No consideration is necessary for a note given in payment of or as security for an antecedent obligation of any kind, the same here being for back rent and for the cost of a new sign obtained for the corporate defendant. Code Ann. § 109A-3—408 (Ga. L. 1962, p. 156, 260). See *Healthdyne, Inc. v. Henry,* 144 Ga. App. 52, 54 (1) (240 SE2d 259). The evidence submitted by the plaintiff in affidavit form showing the personal knowledge of the affiant with reference to the past due indebtedness, the purpose of the note being executed to pay same, authorized the award of $1,539. The sum of $230.85 represents 15% attorney fees authorized by the note in question.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 11, 1982.

*J. Robert Joiner,* for appellants.

*Perry A. Phillips, Timothy J. Sweeney,* for appellee.