66503. YEOMANS v. COLEMAN, MEADOWS, PATE DRUG COMPANY.

McMURRAY, Presiding Judge.

Plaintiff Coleman, Meadows, Pate Drug Company supplied drugs to defendant Yeomans commercially on open account both when he operated his business as a sole proprietorship as well as after he incorporated the business as Milan Drug Company, Inc., serving as its president. Plaintiff became concerned when the Milan Drug Company, Inc. account "reached an unusually high peak" (as defendant expressed it in his appellate brief) and requested defendant execute a demand note, which he did. When the note was not paid, plaintiff filed suit. Defendant's defense was that he signed the note as an agent of the corporation rather than as an individual and therefore he was not personally liable. From a judgment for plaintiff, defendant appeals. *Held:*

Defendant essentially raises the general grounds, but limits his argument to the one other enumeration of error challenging the trial

court's finding of fact that he guaranteed the debt. The trial court found that plaintiff "became concerned and anxious about the money owed to it by Milan Drug Company and requested [defendant] to guarantee the debt by giving to [plaintiff] his personal note. This was done. . . ."

In the commercial sense, one does not "guarantee" a debt by executing a note; one guarantees a debt by adding his signature, together with words of guaranty, to an instrument executed by or for the principal. OCGA § 11-3-416 (formerly Code Ann. § 109A-3—416) (Ga. L. 1962, pp. 156, 263). Because defendant was the only party to sign the note, he was either the principal or the agent for the principal, but not a guarantor. Thus, the trial court either erred in finding that defendant guaranteed the debt or it used the term "guarantee" in its ordinary, rather than commercial, meaning. In either event, it is immaterial because the trial court in no way based its conclusions of law or ultimate decision on this finding of fact.

The sole issue presented in the case was whether defendant signed the note as the principal or as a corporate agent. In its conclusions of law, the trial court stated: "There is nothing on the face of this note to show that it was executed by Mr. Yeomans as the agent or representative of Milan Drug Company, Inc. The body of the note refers to the maker twice: once in the first line where the maker is referred to as 'I' [(that is, "I promise to pay . . .")], and once in the last line where the maker is referred to as 'my' [(that is, "my hand and seal . . .")]. 'I' and 'my' are personal pronouns and are commonly understood to refer to a natural person, rather than to an artificial creature of the law such as a corporation. The signature, 'James E. Yeomans,' is not preceded or followed by any words limiting the liability of the signer. The typed words: JAMES E. YEOMANS [followed underneath by] MILAN DRUG CO., INC., MILAN, GA. might be an address or something else, but do not in and of themselves demonstrate or indicate representative capacity on the part of the signer, nor do they limit his liability. 'A court may take judicial notice that the signature of an individual on the face of a note, at the bottom on the right, without limiting descriptive words before or after it, is the universal method of signing a contract to assume a personal obligation.' *Southern Oxygen v. deGolian,* 230 Ga. 405 [(197 SE2d 374)]; *Bostwick Banking Co. v. Arnold,* 227 Ga. 18 [(178 SE2d 890)]. The defendant is thus indebted to the plaintiff on the note as claimed. . . ."

The trial court did not refer to OCGA § 11-3-403 (3) (formerly Code Ann. § 109A-3-403 (3) (Ga. L. 1962, pp. 156, 257)) in its order. That section provides: "Except as otherwise established the name of an organization preceded or followed by the name and office of an

authorized individual is a signature made in a representative capacity." We find this section has been applied in the following cases: *Larry's Mobile Homes v. Robins Fed. Credit Union,* 161 Ga. App. 822, 823 (2) (288 SE2d 800); *First Nat. Bank of Atlanta v. C. & S. Concrete Structures,* 128 Ga. App. 330 (196 SE2d 473); *Moorer v. Merrill,* 120 Ga. App. 250, 251 (1) (170 SE2d 298); and *Modern Free and Accepted Masons v. Cliff M. Averett, Inc.,* 118 Ga. App. 641 (1), 643 (165 SE2d 166). In none of these cases did the instrument contain the name of the organization preceded or followed by the name, but not the office (official capacity), of an authorized individual, as does the note at issue in this case. Since the Code section requires both the "name *and* office," we find it most reasonable to conclude that the General Assembly intended that both be included as specified before it would be deemed "a signature made in a representative capacity." In other words, OCGA § 11-3-403 (3) (Code Ann. § 109A-3—403), supra, relieves the signer of an instrument from the burden of establishing that he signed it in a representative capacity, as required by OCGA § 11-3-403 (2) (Code Ann. § 109A-3—403), supra, but only when the conditions stated therein are met.

Defendant did not meet the conditions of OCGA § 11-3-403 (3) (Code Ann. § 109A-3—403) and therefore he bore the burden of showing that he signed the note in a representative capacity for Milan Drug Company, Inc. OCGA § 11-3-403 (2) (b) (Code Ann. § 109A-3—403), supra. We agree with the trial court that the note itself has all the appearances of a personal, rather than corporate, obligation. The parol evidence offered by the parties was conflicting, but the trial court, as the trier of fact in this case, was authorized to conclude from the evidence that defendant did not sign the note in a representative capacity. See generally *Casey v. Carrollton Ford Co.,* 152 Ga. App. 105, 107 (1) (262 SE2d 255); *Seamon v. Acree,* 142 Ga. App. 662 (236 SE2d 688); as well as the Supreme Court precedent relied upon by the trial court.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

Decided July 15, 1983 —
Rehearing denied July 28, 1983 —

*Rembert C. Cravey,* for appellant.
*Eugene S. Hatcher,* for appellee.