### 66900. UPTEGRAFT v. SCOTT et al.

McMURRAY, Presiding Judge.

On April 8, 1982, Emma A. Scott and Jack A. Scott executed a "lease-purchase option agreement," whereby Ethel M. Uptegraft, as lessor, leased her interest in certain real property necessary for the operation of a Dairy Queen Brazier business to the Scotts. The Scotts were to be sub-tenants under a lease to Uptegraft by the holder of the fee estate in the property known as Dairy Queen Brazier of College Park. Under the terms of the contract, certain personal property was also leased. This personal property was located in and about the real property owned by lessor, Uptegraft, and used in the operation of the Dairy Queen Brazier business, and the franchise agreement between Uptegraft and International Dairy Queen, Inc. or American Dairy Queen Corporation covering the location in question. The term of the lease was for one year for a consideration of $18,000 ($10,000 payable on or before execution of the agreement and the $8,000 balance in equal monthly installments). The contract also provided for the purchase of the personal property and franchise rights, and for the assignment of rights under the lease of the real property to the Scotts, at their option, to be exercised by written notice to Uptegraft prior to a specified date.

The consideration of $10,000 was paid concurrently with the execution of the contract, and the Scotts assumed possession of the premises. They operated the business for four days and then abandoned the premises.

The Scotts, as plaintiffs, sued Uptegraft to recover upon rescission, contending they learned that defendant was not the licensee or owner of a franchise agreement such as that which the contract purported to relate to, that defendant cannot convey such a franchise agreement, has no authority to lease same and therefore cannot deliver the promised consideration under the contract. Plaintiffs elected to rescind the contract in Count 1 and recover actual damages of $10,000, the amount previously paid by plaintiffs to defendant. The second count of plaintiffs' complaint alleges fraud in the inducement to enter into the contract and seeks actual and punitive damages and attorney fees predicated thereon.

After discovery plaintiffs moved for summary judgment, and same was granted to plaintiffs against defendant to recover $10,000. Defendant appeals. *Held:*

1. The trial court is not required to make findings of fact when ruling on a summary judgment. *Edwards v. McTyre,* 246 Ga. 302, 304 (5) (271 SE2d 205); *Healthdyne, Inc. v. Henry,* 144 Ga. App. 52, 54-55 (2) (240 SE2d 259). See also OCGA § 9-11-52 (formerly Code Ann. § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171)). The defendant's first enumeration is not meritorious.

2. At the time defendant placed plaintiffs in possession of the real estate and personal property located in and about the premises, defendant was not the licensee for the franchise to operate a Dairy Queen Brazier business at that location. Although defendant had contracted for the purchase of the Dairy Queen Brazier franchise in question, the terms of the applicable franchise agreement prohibited transfer or assignment of the franchise without prior written consent of American Dairy Queen Corporation. Although defendant's evidence shows that for business reasons unrelated to this litigation she delayed requesting the formal transfer of the franchise for approximately one year and that such transfer was promptly executed upon her request, it is clear that American Dairy Queen Corporation did not consent to the transfer until December 15, 1982, several months after the events in question (the term of the lease began April 9, 1982) and the filing of the complaint in the case sub judice (September 24, 1982).

While it appears that defendant had contracted for the purchase of the franchise in question, when the term of the lease between plaintiffs and defendant began there was no franchise agreement

between defendant and International Dairy Queen, Inc. or American Dairy Queen Corporation covering the location in question, to be leased from defendant by plaintiffs. In the case sub judice, plaintiffs were authorized to rescind the contract without the consent of the opposite party, for nonperformance by her of her covenants. OCGA § 13-4-62 (formerly Code § 20-907); *White v. Hand,* 76 Ga. 3; *CCE Fed. Credit Union v. Chesser,* 150 Ga. App. 328, 331 (1) (258 SE2d 2); *Sinclair Refining Co. v. Davis,* 47 Ga. App. 601 (171 SE 150); *Sinclair Refining Co. v. Giddens,* 54 Ga. App. 69 (1) (187 SE 201). Defendant has breached her obligation under the contract with plaintiffs to assign a Dairy Queen Brazier franchise to plaintiffs for the duration of the lease term. The value of the real and personal property leased under the agreement being obviously contingent upon the assignment of the franchise to operate the Dairy Queen Brazier business, defendant's breach of the contract with plaintiffs is plainly so substantial and fundamental as to defeat the object of the contract, thus authorizing plaintiffs' rescission of the contract. *Sinclair Refining Co. v. Davis,* 47 Ga. App. 601, supra. Defendant's remaining enumerations of error are not meritorious.

In concluding that no genuine issue of material fact remains for determination by a jury, we do not reach any issue as to a waiver of rights under the contract due to the absence of any attempt by plaintiffs to exercise the option to purchase. We affirm the grant of summary judgment in favor of the plaintiffs.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 28, 1983 —
REHEARING DENIED NOVEMBER 23, 1983 —

*Jon A. Green, John E. James, Kathryn Weigand, J. Thomas Durden, Jr.,* for appellant.
*George L. Barron, Jr.,* for appellees.