### 71551. COOLEY et al. v. DICKERSON & SWIFT ENTERTAINMENT, INC.
(341 SE2d 504)

CARLEY, Judge.

In consideration for appellee's part in promoting a concert, appellant Alex Cooley presented it with a check in the amount of $8,600.49. When appellant stopped payment on the check, appellee

sued. The trial court, sitting without a jury, ruled in favor of appellee in the amount of the check. Appellant appeals.

Apparently acting pursuant to the provisions of OCGA § 11-3-403 (2) (b), the trial court admitted parol evidence as to whether appellant had signed the check in a representative rather than in his individual capacity. Appellant contends that this extrinsic evidence constitutes clear and convincing proof that he signed the check in a representative capacity, and that the trial court therefore erred in finding him individually liable.

Even assuming without deciding that parol evidence *was* properly admitted in the instant case to prove that appellant signed the check in a representative capacity, the record shows that the signature on the check clearly "did not meet the conditions of OCGA § 11-3-403 (3) . . . and therefore [appellant] bore the burden of showing that he signed [it] in a representative capacity. . . . OCGA § 11-3-403 (2) (b). . . . [T]he [check] itself has all the appearances of a personal, rather than corporate, obligation. . . . [T]he trial court, as the trier of fact in this case, was authorized to conclude from the evidence that [appellant] did not sign the [check] in a representative capacity. [Cits.]" *Yeomans v. Coleman, Meadows &c. Co.,* 167 Ga. App. 646, 648 (307 SE2d 121) (1983). See also *Casey v. Carrollton Ford Co.,* 152 Ga. App. 105, 107 (1) (262 SE2d 255) (1979). The trial court did not err in entering judgment against appellant individually for the amount of the dishonored check. See OCGA § 11-3-413.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 17, 1986.

*James B. Crew, Jr.,* for appellants.
*Harvey N. Goldberg,* for appellee.