In the Matter of The AUSTIN GROUP, INC., Debtor.

Jay E. LOEB, Trustee for the Estate of the Austin Group, Inc., Plaintiff,

v.

SCHAFER BROS., INC., Defendant.

Bankruptcy No. A86–04875.
Adv. No. 87–0140A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Nov. 12, 1987.

Jay E. Loeb, Gershon, Olim, Katz & Loeb, Atlanta, Ga., for plaintiff.

Elizabeth Vranicar Tanis, Sutherland, Asbill & Brennan, Atlanta, Ga., for defendant.

## MEMORANDUM OF OPINION AND ORDER

JOYCE BIHARY, Bankruptcy Judge.

The Plaintiff-Trustee filed the above-styled adversary complaint to set aside an allegedly preferential transfer pursuant to 11 U.S.C. § 547. The transfer at issue is the repossession by the Defendant, Schafer Bros., Inc. ("Schafer"), of some furniture and equipment on April 15, 1986, less than ninety days prior to the filing of the Chapter 11 petition by the Debtor. The Defendant contends that it did business with an entity other than the Debtor, and that the transactions at issue did not involve an antecedent debt of the Debtor within the meaning of 11 U.S.C. § 547(b)(2).

The case was tried on October 15, 1987. There is no dispute that this matter constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). After consideration of the testimony and the documentary evidence, the Court hereby makes the following findings of fact and conclusions of law.

The Debtor, The Austin Group, Inc. ("Debtor"), was formed as a Georgia corporation in December, 1984, by Gary W. Austin. Prior to that time, Mr. Austin operated a business called Austin Design Associates. Both Austin Design Associates and the Debtor were in the business of selling office furniture and equipment. Once the Debtor corporation was formed, the corporation used the name Austin Design Associates, but did not register it as a trade name as required under Georgia law. O.C. G.A. § 10-1-490.

The name The Austin Group, Inc. did not appear on any documents involved in the transactions at issue. The purchase orders involved in the transactions at issue were signed by Gary Austin in July, 1985 and were issued by Austin Design Associates without any mention of The Austin Group, Inc. Schafer's invoices issued between September, 1985 and January, 1986 were addressed to Austin Design Associates. The financing statements executed in August, 1985 and February, 1986 list the debtor's name as Austin Design Associates, and they are signed by Gary Austin without any mention of The Austin Group, Inc.[1]

Schafer delivered the goods in several shipments beginning in September, 1985, but because Schafer never received substantial payment on the debt, the parties agreed to Schafer's repossession on April 15, 1986 of most of the furniture and equipment from four locations, including Mr. Austin's home.

The Plaintiff maintained that the Defendant should have known that it was dealing with the corporate Debtor and not with Mr. Austin individually; however, the only evidence put forth by the Plaintiff in support of that position was Mr. Austin's testimony that a logo in the reception area of the business described Austin Design Associates as a subsidiary of The Austin Group, Inc.

The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on July 7, 1986, and the case was converted to a Chapter 7 case on November 4, 1986. Gary W. Austin filed a Chapter 7 personal bankruptcy on November 17, 1986, and Schafer is listed as a creditor in Mr. Austin's personal schedules.

---

1. The parties stipulated at trial that the Defendant did not perfect its security interest in the goods at issue.

The parties agree that The Austin Group, Inc. was insolvent when its bankruptcy petition was filed. The parties also agree that the sole issue in this case is whether this debt was an antecedent debt owed by this debtor, The Austin Group, Inc. If this is a debt owed by the debtor, the transfer can be avoided by the Plaintiff trustee. If, on the other hand, the debt is owed by another party and is not owed by the Debtor, the transfer cannot be avoided, for a key element of a preferential transfer is that the transfer be "for or on account of an antecedent debt owed by the debtor". 11 U.S.C. § 547(b)(2). The Plaintiff has the burden of proof on this issue. 11 U.S.C. § 547(g).

The term "debtor" is defined to mean "[a] person or municipality concerning which a case under this title has been commenced[.]". 11 U.S.C. § 101(12). The debtor in this case is The Austin Group, Inc. State law determines the identity of the entity with which Schafer contracted. See *Kallen v. Ash, Anos, Freedman & Logan (In re Brass Kettle Restaurant, Inc.)*, 790 F.2d 574 (7th Cir.1986).

The purchase orders, invoices and financing statements were all either signed by Gary Austin or addressed to Austin Design Associates. The name The Austin Group, Inc. did not appear on any of these documents, nor did Mr. Austin ever indicate he was signing the documents as a representative of The Austin Group, Inc. Georgia law provides that the maker of a document is individually liable if he does not clearly indicate he is signing as a representative of another entity. O.C.G.A. § 10–6–86. None of these documents indicated that Mr. Austin was signing as a representative of the debtor. *Compare* O.C.G.A. § 11–3–403; *Bostwick Banking Company v. Arnold*, 227 Ga. 18, 178 S.E.2d 890 (1970); *Cooley v. Dickerson & Swift Entertainment, Inc.*, 177 Ga.App. 855, 341 S.E.2d 504 (1986); *Goodwynne v. Moore*, 170 Ga.App. 305, 316 S.E.2d 601 (1984); *Yeomans v. Coleman, Meadows, Pate Drug Company*, 167 Ga. App. 646, 307 S.E.2d 121 (1983); *Whitfield v. Broadview Plaza, Ltd.*, 161 Ga.App. 248, 288 S.E.2d 313 (1982); *Blayton v. Ford Motor Credit Company*, 118 Ga.App. 517, 164 S.E.2d 262 (1968). *See also Horn v. Wright*, 157 Ga.App. 408, 278 S.E.2d 66 (1981).

To determine whether the signer acted individually or in a representative capacity, the trier of facts must consider all the circumstances. *Byrd v. Brand*, 140 Ga. App. 135, 230 S.E.2d 113 (1976). The knowledge and intent of the parties to the contract are controlling. *Hawkins v. Turner*, 166 Ga.App. 50, 303 S.E.2d 164 (1983); *Bowers v. Salitan*, 97 Ga.App. 877, 104 S.E.2d 667 (1958). The Plaintiff argued that Schafer should have known it was selling furniture and equipment to the corporate debtor for several reasons. First, the Plaintiff argued that there was a logo appearing in the reception area of Austin Design Associates which indicated that Austin Design Associates was a subsidiary of The Austin Group, Inc. and that one or more people associated with the Defendant had been in the showroom. However, the Plaintiff presented no evidence that any of the Defendant's representatives actually saw the logo, and there was no evidence regarding the size, style and conspicuousness of the logo. This evidence is not sufficient to support Plaintiff's contention that Defendant knew or should have known Austin Design Associates was a trade name for The Austin Group, Inc.

Second, Plaintiff argued that since the Defendant filed a proof of claim in The Austin Group, Inc. bankruptcy on July 6, 1987, the Defendant knew it was dealing with a corporate debtor. A considerable amount of time elapsed between the transactions at issue and the filing of the proof of claim, and this Court finds this evidence to be of limited value in determining the intent of the parties during September and October, 1985, the time of the transactions at issue. It is more likely that Defendant filed this later claim in the corporate bankruptcy to protect itself in the event it were later determined that these were debts of the debtor.

Third, the Plaintiff contends that because Gary Austin signed the purchase orders on a line preceded by the word "by",

the Defendant should have known it was not dealing with Gary Austin individually. Under the Georgia law, signing next to the word "by" does not itself mean the signer is bound in a representative capacity. O.C.G.A. 10–6–86, *see Yeomans v. Coleman, Meadows, Pate Drug Company, supra; Bostwick Banking Co. v. Arnold, supra; Southern Oxygen Supply Company v. de Golian,* 230 Ga. 405, 197 S.E.2d 374 (1973). The word "by" was not sufficient to put Schafer on notice that Gary Austin was acting as a representative of The Austin Group, Inc.

Finally, Plaintiff maintains that Defendant should have examined the Georgia Secretary of State's records of corporations. There was no evidence offered which would support a duty by Schafer to examine the records of the Secretary of State; however, the Defendant presented evidence that if it had done so, its assumption that it was dealing with Gary Austin individually would have been confirmed. Schafer presented evidence that if it had checked the Secretary of State's records, it would have found that Austin Design Associates was neither a corporation nor a registered trade name for any corporation and that the Secretary of State's records contain three pages of corporate names beginning with "Austin". There is nothing in those records to put Schafer on notice that it was

dealing with The Austin Group, Inc. rather than the individual.

In conclusion, the Court finds that the evidence fails to support the Plaintiff's burden of proving that the Defendant transacted business with The Austin Group, Inc. and that this debt was an antecedent debt owed by the debtor. Accordingly, the Court finds that Defendant's repossession of furniture and equipment was not a preferential transfer within the meaning of 11 U.S.C. § 547.

## ORDER

In accordance with the reasoning above, it is the Order of this Court that the Plaintiff has failed to establish that the Defendant received a preferential transfer of goods from the Debtor within the meaning of 11 U.S.C. § 547(b). Therefore, the relief requested in the above-styled adversary complaint is hereby denied.

A corresponding Judgment in favor of the Defendant is entered contemporaneously herewith.