SOLOMON's LODGE No. 1. A. F. M., plaintiff in error, *vs.* HARRIET M. R. MONTMOLLIN, administratrix, defendant in error.

Where the common seal of a corporation is affixed to a contract introduced in evidence, and the signatures of the proper officers thereto are proved, the presumption is that the officers did not exceed their authority. The seal itself is *prima facie* evidence that it was affixed by proper authority. Such facts are sufficient to rebut an answer in equity denying that such contract was signed and sealed by authority of the corporation.

Contracts. Corporations. Evidence. Presumptions. Be-

fore Judge TOMPKINS. Chatham Superior Court. May Term, 1876.

The following, taken in connection with the decision, sufficiently reports this case :

The evidence, besides proving the signatures to the contract, which were introduced in evidence as those of officers of the corporation, with the corporate seal thereto attached, was, in brief, as follows : The building had two entrances which led to the upper floors, one on Broughton street and one on Congress street lane. The former led to a hall on the second floor, thence another flight of stairs led to the third floor. This flight of stairs started from the second floor on that portion of the building which belonged to the defendant, and terminated partly on that which belonged to plaintiff's intestate. At the foot of these steps the obstruction complained of was placed, being a door which prevented general access to the third floor. This entrance was always used in common by the owners of the building. Deceased always rented the hall on the third floor. After his death, plaintiff, as his executrix, rented it out for a billiard hall. One of the defendant's officers closed the door, and refused to open it unless paid to do so. Two of the witnesses testified to having had frequent conversations with members of the lodge, in which it was recognized that the agreement set forth had been signed, and that the entrances were to be used in common ; but did not know, of their own knowledge, whether the lodge authorized such an agreement or not.

J. R. SAUSSY ; R. E. LESTER ; W. U. GARRARD, for plaintiff in error.

GEO. A. MERCER ; L. H. DeMONTMOLLIN, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the de-

fendant, for the specific performance of a written agreement alleged to have been made by the defendant and the complainant's intestate, with a prayer that the defendant might be perpetually enjoined from closing the entrance to the building, as specified therein.    The bill prayed for discovery from the defendant, which it answered, admitting that the instrument set forth in complainant's bill, marked exhibit A, was signed, and defendant's corporate seal placed thereon, by certain officers of defendant as therein mentioned, and at the time therein stated, but avers that the same was never authorized or ratified, by vote—resolution nor otherwise— by said defendant, and did not know of its existence until within the last five or six months.

The following is the alleged agreement, set forth in complainant's bill, marked exhibit A.

"STATE OF GEORGIA, CHATHAM COUNTY.

"This memorandum of agreement, made the 26th day of June, in the year of our Lord, one thousand eight hundred and fifty-eight, between Solomon's Lodge No. 1. A. F. M., an incorporation under the laws of the State of Georgia, and John S. Montmollin, of the county of Chatham, and state aforesaid—said parties being the owners of lot number six, Tyrconnel Tything, Derby ward, in the city of Savannah, and the proprietors of the building now in process of erection thereon: Witnesseth, that the said parties, as to their ownership of lot and building, and their future interest therein, and the use thereof, do, each with the other, admit, agree, stipulate and covenant, as follows : That the said Solomon's Lodge owns, of said lot, thirty feet on Bull street, and sixty feet and four inches on Broughton street, and that part of the building thereon ; and that the said John S. Montmollin owns the rest and residue of said lot, and that part of the building on the same. And it is further agreed, that the entrance on Broughton street, on the southeast corner or end of that portion of the lot which belongs to the said Solomon's Lodge, as well as the entrance on the northeast corner of the building, owned by John S. Montmollin, which entrance is on Congress street lane, shall be kept open for the use of the whole building.    And, it is further agreed, that when the hall, or second story, is rented, or used for any purpose, that one third of the proceeds shall be paid over to said Solomon's Lodge, and the other two-thirds to the said John S. Montmollin ; and that the said Solomon's Lodge is to have a voice in proportion to its third interest as to any use or disposition of said hall.    And, it is further agreed, that the passage-way to the third

story of the building shall be used in common by the parties, and shall be kept forever open.

"In witness whereof the said John S. Montmollin hath hereunto set his hand and seal, and the said Solomon's Lodge hath caused to be set the hands of her master and wardens, and to be affixed her corporate seal, the day and year first above written.

"John S. Montmollin,                    [L. S.]

"Richard T. Turner, *W. Master*,        [L. S.]

"A. Eliph Webster, *Sr. Warden*,        [L. S.]

"John S. Montmollin, *Jr. Warden*, [L. S.]

"Signed, sealed and delivered in presence of

"Joseph White,

"John A. Staley, J. P.

> {  Seal of Solo-
> mon's Lodge.  }

"Attest : This 26th June, 1858.

"James M. Jones, *Secretary.*"

On the trial of the case, the court instructed the jury, under the provisions of the act of 1876, to find a special verdict in regard to the following facts, to-wit : "Was or was not the written agreement of June 26th, 1858, which was executed by John S. Montmollin and the officers of Solomon's lodge, made with the authority and consent of the lodge itself? If such agreement of the 26th of June, 1858, was not made with the authority and consent of the lodge, was it afterwards acted upon, ratified, and acquiesced in by the masonic lodge as a body?" The jury returned the following verdict : "We, the jury, find that the written agreement of June 26th, 1858, being the agreement mentioned in the bill, was executed by the authority and consent of Solomon's lodge, and was afterwards acted upon, ratified, and acquiesced in by the lodge as a body." The defendant made a motion for a new trial on various grounds of error alleged therein, which was overruled by the court, and the defendant excepted.

The main controlling question in the case, as presented by the record, is, whether the verdict of the jury, as claimed by the plaintiff in error, was contrary to the law and the evi-

dence. The plaintiff in error insists that the verdict is contrary to the law and the evidence, because the defendant's answer was not controverted by two witnesses, or by one witness and other corroborating circumstances. The defendant admits, in its answer, that the instrument in writing, as set forth in complainant's bill, marked exhibit "A," was signed by Turner, its worshipful master, and by Webster and Montmollin, its senior and junior wardens, and that its corporate seal was placed thereon by its said officers at the time mentioned in said instrument, but avers that the same was never authorized, or ratified, by vote, resolution, nor otherwise sanctioned by said defendant. When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is *prima facie* evidence that it was affixed by proper authority, and the contrary must be shown by the objecting party—Angell. & Ames on Corporations, section 224; see also *Butts vs. Cuthbertson*, 6 *Ga. Rep.*, 171. In view of the admissions in the defendant's answer, and the evidence of Turner, Mrs. Montmollin, Tucker, John S. Montmollin, and Hogg, as contained in the record, the verdict was not contrary to the law or the evidence, but was in accordance therewith, and there was no error in overruling the defendant's motion for a new trial.

Let the judgment of the court below be affirmed.