A91A0372, A91A0373. HARTKOPF v. HEINRICH AD.
BERKEMANN; and vice versa.
(408 SE2d 450)

SOGNIER, Chief Judge.

Heinrich Ad. Berkemann (GMBH & Co.), a German corporation (hereinafter "HAB"), brought suit against Hermes Enterprises, Inc. (hereinafter "HEI"), Erika Hartkopf, and Heinz Hartkopf to recover amounts due under a series of ten promissory notes and an open account. Consent judgment was entered against HEI. HAB then moved for summary judgment against the individual defendants, and the trial court granted partial summary judgment against Erika Hartkopf on seven of the promissory notes on the ground that she had executed the notes in her individual capacity. In Case No. A91A0372, she appeals from this grant of partial summary judgment. HAB cross appeals in Case No. A91A0373 from the denial of its motion for summary judgment against Erika Hartkopf on the remaining claims.

1. In Case No. A91A0372, Erika Hartkopf (hereinafter "Hartkopf") first contends the trial court erred by rejecting her argument that the presence of the HEI corporate seal on the notes at issue raised a fact question whether she executed them in her representative capacity as president of HEI. The record reveals that each of the seven notes, which are executed on standardized forms with blanks to be filled in with the parties' names and the terms of the agreement, bears Hartkopf's signature on the signature line with the HEI seal affixed to the right of her signature. Her corporate title does not appear, nor is there any attestation for the seal. The line for the

maker's name is left blank, and HEI's name does not appear on the face of the documents other than in the seal.

OCGA § 11-3-403 (2) provides as follows: "[a]n authorized representative who signs his own name to an instrument: (a) [i]s personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity; (b) [e]xcept as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity." A signature made in a representative capacity is defined as "the name of an organization preceded or followed by the name and office of an authorized individual." OCGA § 11-3-403 (3). If a note is executed by an individual "in his own name with nothing on the face of the note showing his agency [he] cannot introduce parol evidence to show that he executed it for a principal, or that the payee knew that he intended to execute it as agent. [Cits.] A court may take judicial notice that the signature of an individual on the face of a note, at the bottom on the right, without limiting or descriptive words before or after it, is the universal method of signing a contract to assume a personal obligation. [Cit.]" *Bostwick Banking Co. v. Arnold*, 227 Ga. 18, 22-23 (178 SE2d 890) (1970). In other words, if the note falls within paragraph (a) of OCGA § 11-3-403 (2), there is no ambiguity on the face of the instrument and parol evidence is not admissible to prove agency. *Southern Oxygen v. de Golian*, 230 Ga. 405 (197 SE2d 374) (1973). Conversely, if either of the circumstances described in OCGA § 11-3-403 (2) (b) is present, there is an ambiguity on the face of the instrument and parol evidence is admissible on the issue of representative capacity. *Phoenix Air Conditioning v. Pound*, 123 Ga. App. 523, 524 (1) (181 SE2d 719) (1971).

The question whether the presence of an unattested corporate seal and an individual signature places the instrument within OCGA § 11-3-403 (2) (b) so as to permit the introduction of parol evidence is one of first impression in Georgia. Certainly the presence of an attested corporate seal indicates authority to execute the document on behalf of the corporation, OCGA § 14-2-151 (a), although its absence does not impair the validity of a corporate document. Id. at § 14-2-151 (c). Indeed, "the seal itself is *prima facie* evidence that it was affixed by proper authority, and the contrary must be shown by the objecting party[.] [Cits.]" *Solomon's Lodge v. Montmollin*, 58 Ga. 547, 552 (1877). Accord *American Investment Co. v. Cable Co.*, 4 Ga. App. 106, 110-111 (3, 4) (60 SE 1037) (1908) ("[u]se [of the corporate seal] imports authority to sign" on behalf of the corporation).

Given that the purpose of affixing a corporate seal is to signify

corporate authority, we agree with Hartkopf that the presence of the HEI seal on the notes at issue constitutes naming of the "person represented" — the alleged corporate maker — so as to place the action within OCGA § 11-3-403 (2) (b) (name of maker shown but no indication of representative capacity), thereby authorizing the admission of parol evidence to show agency. The lack of attestation by either the corporate secretary, who is authorized pursuant to OCGA §§ 14-2-140 (22); 14-2-840 (c) to authenticate corporate records, or another corporate officer responsible for authenticating corporate records, see OCGA § 14-2-151 (a), keeps the presence of the seal from constituting prima facie evidence of corporate capacity. However, because of the meaning ascribed to a corporate seal, its presence on the notes signed by Hartkopf does raise a fact question concerning agency. See *American Investment Co.*, supra at 110-111 (3, 4). This circumstance is distinguishable from cases such as *Southern Oxygen*, supra, in which the Supreme Court held that the presence of an individual signature and a corporate name did not remove the instrument from the coverage of OCGA § 11-3-403 (2) (a) because the corporate name was not identical to that of the alleged maker and the name appeared only in the address of the individual signer. In contrast, here the name on the seal is identical to that of the alleged maker, and the corporate name appears in a corporate seal, not a typed address. Accordingly, given that the presence of the seal and the Hartkopfs' testimony concerning the surrounding circumstances and the parties' intentions raise questions of fact as to representative capacity, we hold the trial court erred by granting summary judgment to HAB.

2. Contrary to Hartkopf's assertion in her remaining enumeration, we find nothing in the record to suggest that the lower court found "by implication" that Hartkopf's single signature could bind both her and HEI, but to the extent that any such holding was made it is controlled by our decision in Division 1 and by *Yeomans v. Coleman &c. Drug Co.*, 167 Ga. App. 646, 647 (307 SE2d 121) (1983) (one signature denotes either principal *or* agent).

3. In Case No. A91A0373, HAB contends in two enumerations of error that the trial court erred by failing to grant its motion for summary judgment on the claim that the corporate veil of HEI should be pierced because of undercapitalization and commingling of personal and corporate assets. This issue is controlled adversely to HAB by the Supreme Court's recent decision in *Hickman v. Hyzer*, 261 Ga. 38 (401 SE2d 738) (1991) because there is no evidence of fraudulent intent at the time of capitalization, id. at 39-40 (1); financing the corporation with personal loans is not improper, id. at 40 (2); any mismanagement of corporate assets after insolvency does not pierce the corporate veil, id.; and there is insufficient evidence of fraud or misuse of corporate assets to authorize summary judgment for HAB. See

id. at 40-41 (3).

4. HAB next contends the trial court erred by denying its motion for summary judgment against Hartkopf in her individual capacity on a note signed by her individually and in which HEI's name appears in the blank for the maker of the note. This enumeration is without merit, as the facts place the issue squarely within OCGA § 11-3-403 (2) (b) (name of maker but no indication of representative capacity), and thus a question of fact remains for resolution. See Division 1, supra.

5. HAB's enumeration concerning its claim that Hartkopf executed a personal guaranty for the indebtedness at issue is similarly without merit, as the record does not support HAB's contention that there is no question of fact remaining on this issue. Even assuming, without deciding, that HAB's English translation of the correspondence at issue (which is written in German) is accurate, it is not clear whether Hartkopf was acting individually or on behalf of HEI. Moreover, we cannot ascertain from the record before us whether the language at issue constituted words of personal guaranty. See *Yeomans*, supra. HAB having failed to meet its burden of proof on summary judgment, see generally *Boss v. Food Giant*, 193 Ga. App. 434, 436 (388 SE2d 37) (1989), the trial court properly denied its motion.

*Judgment affirmed in Case No. A91A0373. Judgment reversed in Case No. A91A0372. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 27, 1991 —
RECONSIDERATION DENIED JULY 9, 1991 — ▉▉▉▉▉▉▉

*John W. Timmons, Jr., Michelle C. Feinberg,* for appellant.
*Savell & Williams, Charles M. Dalziel, Jr., Jennifer H. Chapin,* for appellee.