## A95A1149. SORRELLS v. MILLER.
(462 SE2d 793)

BIRDSONG, Presiding Judge.

Jody Sorrells, a minor, by his father and next friend Raymond Sorrells, appeals the judgment based upon a jury verdict in favor of James William Miller on claims arising from a bicycle/automobile collision. The evidence shows that Jody Sorrells was injured when his bicycle collided with a car driven by James William Miller as Jody Sorrells attempted to cross U. S. Highway 29 near West Point, Georgia.

Sorrells contends the trial court erred by charging the jury that it was authorized to find that Jody Sorrells, who was ten years old at the time of the incident, could be guilty of contributory negligence per se. The trial court charged the jury that "the defendant contends that [Sorrells] violated certain laws or ordinances. Such violations are called negligence per se or negligence as a matter of law. It is your duty to decide whether such violations took place or not." The trial court further charged the jury that Georgia law required "that every bicycle, when in use at nighttime, shall be equipped with a light on the front which shall [emit] a white light visible from a distance of 300 feet to the front and with a red reflector on the rear of a type approved by the Department of Public Safety which shall be visible from a distance of 300 feet to the rear when directly in front of lawful, upper beams of headlights on a motor vehicle. A light emitting a

red light visible from a distance of 300 feet to the rear may be used in addition to the red reflector.

"Now, again, such violation may be called negligence per se, negligence as a matter of law, and it is again your duty to decide whether such violation took place or not.

"Further, ladies and gentlemen, I charge you that the driver of a vehicle about to enter or cross a roadway from any place other than another roadway, shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed.

"I further charge you that for the purposes of this statute, a bicycle is considered to be a vehicle. And again, this violation may be called negligence per se or negligence as a matter of law. And it would be your duty as jurors to decide whether the violation took place or not."

Under our law a ten-year-old child is held to the standard of "due care" set out in OCGA § 51-1-5: "The term 'due care,' when used in reference to a child of tender years, is such care as the child's mental and physical capacities enable him to exercise in the actual circumstances of the occasion and situation under investigation." *Held*:

1. Although Miller contends the charging error was waived because Sorrells' objections to the charge were not sufficient to preserve the objection for appellate review and did not encompass both charges on contributory negligence per se, given the nature of the issue and the possibility of prejudice, we will consider the charging error asserted because we find the error asserted is both substantial and harmful as a matter of law. OCGA § 5-5-24 (c); *Foskey v. Foskey*, 257 Ga. 736, 737 (363 SE2d 547).

2. In Georgia, children below the age of 13 are immune from tort liability. *Horton v. Hinely*, 261 Ga. 863, 864 (413 SE2d 199). Further, in *Shirey v. Woods*, 118 Ga. App. 851, 855-856 (165 SE2d 891), this Court held that children below the age of criminal responsibility are not capable of negligence per se because, under our law, such a child could not be guilty of violating criminal law. In this state the age of criminal responsibility is 13. OCGA § 16-3-1. As Jody Sorrells could not be guilty of violating the laws in question, the trial court erred by charging the jury that he could be guilty of contributory negligence per se. As we cannot say that this error was harmless, we must reverse the trial court.

3. This does not mean, however, that children below the age of 13 cannot be found to have engaged in contributory negligence. In *Ashbaugh v. Trotter*, 237 Ga. 46 (226 SE2d 736), our Supreme Court held that whether a child can be contributorily negligent depends upon each child's mental and physical capabilities, and that question is one for the jury. *Walt Disney Productions v. Shannon*, 247 Ga. 402, 404,

n. 3 (276 SE2d 580).
*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED OCTOBER 3, 1995.

*Grogan, Jones, Rumer & Gunby, Stephen G. Gunby, Johnson, Caldwell & McCoy, Claud E. McCoy*, for appellant.
*Tisinger, Tisinger, Vance & Greer, Douglas C. Vassy*, for appellee.