A97A1901. MAREK INTERIOR SYSTEMS, INC. v. WHITE et al.
(496 SE2d 749)

ANDREWS, Chief Judge.

Marek Interior Systems, Inc. (Marek) sued Summit Commercial Contractors, Inc. (Summit) and its principals, Roger White and Tom Wiedeman, to recover on a promissory note to which the parties agreed in January 1993. As Summit was defunct, it appears Marek's chief claim was that White and Wiedeman were personally liable for the amounts due because they had signed the note in their individual capacities. White and Wiedeman claimed they signed the note on behalf of Summit alone, and the jury returned a verdict for the defendants. In this appeal, Marek contends it was entitled to a directed verdict as to White's and Wiedeman's individual liability on the note. We find the ambiguous nature of the note created a jury question on this issue. However, we agree with Marek that White and Wiedeman had the burden of proving they signed in a representative capacity. Because the trial court failed to instruct the jury on this burden, we reverse and remand this case for a new trial.

In the body of the promissory note, *"ROGER WHITE JR. and TOM WIEDEMAN*, hereinafter called 'Maker,' promise[d] to pay" Marek approximately $69,000. The signature areas below the promissory language, however, read as follows:

Summit Commercial Contractors, Inc.
MAKER

By: _____
Printed
Name: ROGER WHITE JR.
Title: _____

Individually
Social Security: /09-46-7431

Summit Commercial Contractors, Inc.
MAKER

By: _____
Printed
Name: TOM WIEDEMAN
Title: _____

Individually
Social Security: 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

State of Georgia
County of

This instrument was acknowledged before me on _____ day of _____, 19__, by: ROGER WHITE JR of SUMMIT COMM. CONT signed for the purposes and consideration therein expressed in the capacity therein stated.

_____
Notary Public in and for the State of Georgia.

State of Georgia
County of

This instrument was acknowledged before me on _____ day of _____, 19__, by: TOM WIEDEMAN of SUMMIT COMMERCIAL CONTRACTORS INC. signed for the purposes and consideration therein expressed in the capacity therein stated.

_____
Notary Public in and for the State of Georgia.

At trial, White and Wiedeman testified they signed the contract believing they were doing so as representatives of the corporation, Summit, and told Marek officials they would not personally guarantee the debt. Marek's witnesses testified they intended for White and Wiedeman to be personally liable on the note and expressed that intent to the defendants.

1. We first address an issue Marek raises in both its enumerations: whether the 1996 version of OCGA § 11-3-402, effective when this case was tried to a jury, applies instead of the prior version of OCGA § 11-3-403, which was in effect at the time the parties entered this agreement. Both statutes prescribe the conditions under which an authorized representative's signature on a note may make the representative personally liable for the obligation.

Former OCGA § 11-3-403 (3) defined a "signature made in a representative capacity" as one bearing "the name of an organization preceded or followed by the name and office of an authorized individual. . . ." Former OCGA § 11-3-403 (2) (b) provided: "Except as otherwise established between the immediate parties, [the representative] is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity. . . ."

The new statute, OCGA § 11-3-402 (b) (1996), provides that "if

the form of the signature does not show unambiguously that the signature is made in a representative capacity . . ., the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument. *With respect to any other person, the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument."* (Emphasis supplied.) OCGA § 11-3-402 (b) (2) (1996).

Although Marek contends the trial court should have charged the emphasized language of the 1996 statute and argues the defendants had to prove the elements of that statute to avoid individual liability, we find the new statute inapplicable to this note entered in January 1993. A newly enacted law cannot impair the obligations of an existing contract. OCGA § 1-3-5. Thus, "[i]t has been held by the Supreme Court and this court that a statute is not to be construed retroactively in operation *unless the language of the statute imperatively requires it."* (Citations and punctuation omitted; emphasis in original.) *Johnson v. Hodge,* 223 Ga. App. 227, 228 (1) (477 SE2d 385) (1996). Although nothing in the new statute indicates it is to be applied retroactively, Marek claims the new law applies because the legislature merely changed the *procedure* to be used when determining a signer's individual liability, and that procedure was in effect at the time of trial. See *Polito v. Holland,* 258 Ga. 54, 55 (3) (365 SE2d 273) (1988). As the Supreme Court noted in *Polito,* however, "[s]ubstantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations." Id. We find the 1996 amendments created a substantive change in the law. When White and Wiedeman signed this note in 1993, former OCGA § 11-3-403 fixed liability for their signatures, and they are presumed to have contracted with reference to that statute. See *Bentley v. Tsai,* 198 Ga. App. 297, 298-299 (401 SE2d 316) (1991). The subsequent amendment does not affect that liability. See *Carelli v. Hall,* 926 P2d 756, 762 (Mont. 1996) and *Serna v. Milanese, Inc.,* 643 S2d 36, 38 (Fla. App. 1994), finding the enactment of the new version of UCC § 3-402 created a substantive change in the law from the prior version of UCC § 3-403.

2. Applying former OCGA § 11-3-403 (2), a jury was properly allowed to determine whether White and Wiedeman were personally liable on this note. In *Hartkopf v. Heinrich Ad. Berkemann,* 200 Ga. App. 355, 356 (1) (408 SE2d 450) (1991), we held that "if either of the circumstances described in OCGA § 11-3-403 (2) (b) is present, there is an ambiguity on the face of the instrument and parol evidence is admissible on the issue of representative capacity." Here, as in

*Hartkopf*, a jury question arose as to representative capacity because the note is vague as to its "maker" and is signed "Summit Commercial Contractors, Inc., by" White and Wiedeman, without specifying their corporate capacity. Under the conflicting parol evidence, the jury was entitled to find the defendants signed in a representative capacity and were not personally obligated for the debt. See *Yeomans v. Coleman &c. Drug Co.*, 167 Ga. App. 646, 648 (307 SE2d 121) (1983). As each party apparently communicated its contrary intent to the other, the principle contained in OCGA § 13-2-4 did not demand a verdict for Marek.

3. We find a new trial required, however, because the court incorrectly charged the jury on the parties' burden of proof. The key issue in this case was whether the defendants signed the note individually or on behalf of their corporation, Summit. Under former OCGA § 11-3-403 (2) (b), White and Wiedeman had the burden of proving they signed in a representative capacity. See *Cooley v. Dickerson & Swift Entertainment*, 177 Ga. App. 855, 856 (341 SE2d 504) (1986); *Yeomans*, supra. The trial court, however, charged the jury only that Marek had the burden of proving its case by a preponderance of the evidence. Marek's revised request to charge on this issue was correctly refused because it also contained the inappropriate language of the 1996 version of OCGA § 11-3-402 (b); however, Marek did also except to the trial court's failure to charge the defendant's burden under the prior law. We need not decide whether Marek properly preserved this error, because charging the improper burden of proof is a "substantial error" which is "harmful as a matter of law" under OCGA § 5-5-24 (c). The trial court's charge improperly shifted the burden of proof to Marek, resulting in "a gross injustice, such as to raise a question as to whether [Marek] has been deprived of a fair trial. [Cit.]" *Hamrick v. Wood*, 175 Ga. App. 67, 68 (1) (332 SE2d 367) (1985). "The erroneous charge went to the heart of [Marek's] case and the verdict against [it] cannot stand." *Bloom v. Doe*, 214 Ga. App. 90, 92 (1) (447 SE2d 72) (1994); see also *Sorrells v. Miller*, 218 Ga. App. 641, 642 (462 SE2d 793) (1995).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 30, 1998 —
RECONSIDERATION DENIED FEBRUARY 11, 1998.

*Millkey & Associates, John M. Millkey*, for appellant.
*Small, White & Marani, Gus H. Small, Jr.*, for appellees.