## A98A2211. DEWBERRY PAINTING CENTERS, INC. et al. v. DURON, INC.

(508 SE2d 438)

JOHNSON, Presiding Judge.

In this case we must decide whether an individual corporate officer has become personally liable for the debts of the corporation for which he serves as president as a result of executing guaranty agreements which purport to be signed in only a representative capacity.

Duron, Inc. sued Dewberry Painting Centers, Inc. and its alleged guarantor, D. Gary Dewberry, on two separate open accounts. During the pendency of the action, Duron apparently realized that the proper corporate party defendant was Dewberry Painting Contractors, Inc., rather than Dewberry Painting Centers, Inc. From the record before us it appears that Duron made no effort to substitute the proper corporate party or even to correct the misnomer if, in fact, a mere misnomer is what had occurred. Duron nevertheless sua sponte changed the style of the case as it appeared in subsequent pleadings to show the defendant as "D. Gary Dewberry, Ind. d/b/a Dewberry Painting Centers, Inc." Duron then moved for summary judgment against the individual defendant, D. Gary Dewberry, only. Mr. Dewberry filed a cross-motion for summary judgment insisting that in dealing with Duron he had at all times acted in his representative capacity, never in his individual capacity. The trial court, using the style "DEWBERRY PAINTING CENTERS, INC., AND D. GARY DEWBERRY," granted Duron's motion for summary judgment and entered judgment against "defendant." We are able to ascertain from the remainder of the judgment and by reference to Duron's motion itself that the judgment refers only to the individual defendant, D. Gary Dewberry. No ruling was entered on Dewberry's

cross-motion for summary judgment. Dewberry appeals from the judgment entered in favor of Duron, Inc. For the reasons below, we reverse.

Summary judgment is appropriate only when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). In responding to Duron's motion, Dewberry can survive summary judgment by showing that a genuine issue of material fact exists as to *any* element of plaintiff Duron, Inc.'s cause of action.

Viewed in that light, the record shows the following: On two occasions, June 5, 1991 and June 30, 1993, Dewberry Painting Contractors, Inc., through its president, executed a document described as an "Account Application/Credit Agreement" in order to open a credit account with one of its suppliers, Duron, Inc. Duron, Inc. extended credit to Dewberry Painting Contractors, Inc. by establishing two open accounts, numbered respectively 40-14066 and 40-14069. The account statements attached to the affidavit of Duron's administrative manager indicated that as of October 31, 1993, the account balance for account no. 40-14069 was $7,809.12 and for account no. 40-14066 was $699.73. These statements reflect that both accounts had been closed.

1. Dewberry argues that the trial court erred in granting summary judgment against Dewberry Painting Centers, Inc. because, as Duron's exhibits show, Duron established accounts with Dewberry Painting *Contractors*, Inc. and not Dewberry Painting *Centers*, Inc. However, the record reveals that Duron prayed for relief only against D. Gary Dewberry in its motion for summary judgment, and the trial court entered judgment only against D. Gary Dewberry. Thus, judgment was never entered against Dewberry Painting Centers, Inc., and this enumeration of error is premature.

2. Dewberry contends that a proper construction of the two account applications fails to establish a binding guaranty and that summary judgment should have been granted to him rather than Duron.

(a) *Account no. 40-14069*: The document creating this account contained the following language:

"ALL APPLICANTS — PLEASE COMPLETE AND SIGN
TO: DURON, INC.
In consideration of your extending credit to the firm of Dewberry Painting Contractors, Inc. and in consideration of the receipt of certain materials by said firm, we the undersigned

do hereby jointly and severally guarantee the payment by said firm. This is your authority to charge 1½% per month (18% per annum) on all past due amounts, we the undersigned do hereby agree to the Summary of Terms (1-5).

The below signatures also grant to DURON, INC. the right to check any factors pertinent to a fair evaluation of establishing credit. I/WE jointly and severally personally guarantee the performance of the applicant herein agreeing to the terms hereinabove stated."

Immediately following this contract language, and immediately above the signature line, "Dewberry Painting Contractors, Inc." was typed. The signature of D. Gary Dewberry is on the signature line, followed by the typed word "President."

Dewberry contends he signed this document only in his representative capacity and did not personally guarantee the document. We agree.

We first note that the version of OCGA § 11-3-403 as it existed on the date of the execution of the document, rather than the version which existed at the time summary judgment was entered in this case, applies. See *Marek Interior Systems v. White*, 230 Ga. App. 518, 520 (1) (496 SE2d 749) (1998). Under the applicable version of that statute, a signature made in the representative capacity is one bearing "the name of an organization preceded or followed by the name and office of an authorized individual. . . ." Except as otherwise established by the parties, the representative is personally obligated "if the instrument names the person represented but does not show that the representative signed in a representative capacity." OCGA § 11-3-403 (2) (b).

Because the contractual language quoted above clearly shows the name of the organization, Dewberry Painting Contractors, Inc., followed by the signature "D. Gary Dewberry" and the typed designation "President," the requirements of OCGA § 11-3-403 (3) for a signature made in a representative capacity are clearly satisfied. Therefore, the trial court erred in granting summary judgment to Duron on this issue.

Dewberry contends that the trial court erred by denying his cross-motion for summary judgment as to this account. As we noted, however, there is nothing in the record to show that the trial court ruled on the issue, and so there is nothing for us to review.

(b) *Account no. 40-14066*: The document creating this account contained the following language, almost, but not quite, identical to the language quoted above:

"ALL APPLICANTS — PLEASE COMPLETE AND SIGN
TO: DURON, INC.
In consideration of your extending credit to the firm of Dew-
berry Painting Contractors, Inc. and in consideration of the
receipt of certain materials by said firm, we the undersigned
do hereby jointly and severally guarantee the payment by
said firm. This is your authority to charge 1½% per month
(18% per annum) on all past due amounts, we the under-
signed do hereby agree to the Summary of Terms (1-5). The
below signatures also grant to DURON, INC. the right to
check any factors pertinent to a fair evaluation of establish-
ing credit. I/WE jointly and severally _____ the per-
formance of the applicant herein agreeing to the terms here-
inabove stated." (Court note: The underlined empty space is
included to indicate where the printed words "personally
guarantee" were crossed out.)

This document language was also followed by the signature of D.
Gary Dewberry, and the title "president" was added by hand immedi-
ately thereafter. However, the name of the organization, Dewberry
Painting Contractors, Inc., neither precedes nor follows the signa-
ture. Thus, this particular signature does not meet the requirements
of OCGA § 11-3-403 (3) for establishing that a signature is made in a
representative capacity. While this fact may ultimately result in
Dewberry being held personally liable by a jury for the debt on this
account, it is obvious that portions of the contract language, includ-
ing the printed words "personally guarantee," are crossed out in one
area while retained in another. Thus, a question of fact remains as to
the intent of the parties regarding the capacity in which Dewberry
executed the agreement opening account no. 40-14066. The trial
court erred in granting Duron summary judgment on this issue.

3. Based on our holding in Division 2 (a), we need not reach D.
Gary Dewberry's remaining enumeration of error as to account no.
40-14069.

*Judgment reversed. Smith, J., and Senior Appellate Judge Har-
old R. Banke concur.*

DECIDED OCTOBER 29, 1998.

*Banks, Stubbs & Neville, John R. Neville*, for appellants.
*Mann, Bracken, Layng & Knezo, Stephen J. Knezo*, for appellee.