*265 Affirmed by unpublished opinion. Judge SHEDD wrote the majority opinion, in which Judge MOTZ joined. Judge GREGORY wrote a dissenting opinion.
Unpublished opinions are not binding precedent in this circuit.
SHEDD, Circuit Judge:
Marcus and Denise Beasley appeal the district court’s order dismissing their claim against Arcapita Incorporated, Cajun Holding Company, Cajun Operating Company, and Crescent Capital Investments, Incorporated (collectively “Arcapita”). For the reasons set forth below, we affirm the judgment of the district court.
I.
The Beasleys are the sole shareholders of Beasley Food Ventures, Inc. (“Ventures”). On December 17, 2004, Ventures entered into a franchise agreement (“the Agreement”) with AFC Enterprises, Inc. to own and operate a Church’s Chicken restaurant at the Baltimore/Washington International Airport.
The Agreement states that it is “between AFC Enterprises Inc .... and Beasley Food Ventures, Inc., a Maryland corporation ... (“Franchisee”).” Supp. J.A. 6. In two internal sections of the Agreement, the Beasleys signed or initialed above the printed term “franchisee” without a corporate designation. However, on the signature page, Denise Beasley executed the Agreement in her corporate capacity as President of Ventures, and Marcus Beasley signed only as a witness. Additionally, Marcus and Denise Beasley individually executed a separate Guaranty and Subordination Agreement personally obligating themselves for Ventures’ debts arising under the Agreement.
In December 2004, Arcapita acquired the Church’s Chicken business from AFC. Subsequently, although the menu AFC had provided to Ventures included pork products, Arcapita banned the sale of pork in Church’s Chicken restaurants. Arcapi-ta permitted Church’s Chicken restaurants that had previously sold pork products to continue doing so. However, Arcapita refused to allow new restaurants that had not previously sold pork products to do so in the future.
The Beasleys, who are African-American, brought this action asserting a single count of racial discrimination in violation of 42 U.S.C. § 1981. The Beasleys allege that they were the only existing franchise that was forbidden to sell pork products and that Arcapita forbade them from doing so because of their race. Consequently, they assert that their franchise failed because of their inability to sell pork products. Relying on the Supreme Court’s holding in Domino’s Pizza, Inc. v. McDonald, 546 U.S. 470, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006), the district court found that the Beasleys could not bring a § 1981 claim because they were not parties to the Agreement and, thus, had no rights under the Agreement. Therefore, the court dismissed their case for failure to state a claim.
II.
We review de novo a district court’s order dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). See Duckworth v. State Admin. Bd. of Election Laws, 332 F.3d 769, 772 (4th Cir.2003). To survive a Rule 12(b)(6) motion, a plaintiff must allege enough facts “to raise a right to relief above the speculative level” and must provide “enough facts to state a claim to relief that is plausible on its face.” Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When considering an order dismissing a claim under Rule 12(b)(6), we assume all factual allegations in the pleadings to be true. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d *266 1081 (2007). “[W]hen a defendant attaches a document [such as the Agreement] to its motion to dismiss, a court may consider it in determining whether to dismiss the compliant if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity.” Am. Chiropractic Ass’n v. Trigon Healthcare Inc., 367 F.3d 212, 234 (4th Cir.2004)(internal citations omitted).
III.
In Domino’s Pizza, the Supreme Court held that a corporation’s sole shareholder could not bring a § 1981 action pursuant to a franchise agreement because he was not a party to, and did not have rights under, the contract. The Court expressly limited relief under § 1981 to parties with rights under a contract, stating:
[A] plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes “to make and enforce.” Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else’s.
Domino’s Pizza, 546 U.S. at 479-80, 126 S.Ct. 1246. The Court based this ruling, in part, on basic precepts of corporate law. “[I]t is fundamental corporation and agency law — indeed, it can be said to be the whole purpose of corporation and agency law — that the shareholder and contracting officer of a corporation has no rights and is exposed to no liability under the corporation’s contracts.” Id. at 477, 126 S.Ct. 1246.
The Beasleys argue that the district court erred in dismissing their claim because they are parties with rights under the Agreement consistent with Domino’s Pizza. Specifically, they assert that by virtue of the Guarantee of Franchisee Agreement, they have taken on significant financial obligations under the Agreement that entitle them to bring a § 1981 claim. Additionally, the Beasleys contend that they are individually parties to the Agreement pursuant to Section XXV. In particular, they point to language stating that they have “individually, and jointly and severally, executed this Agreement.” Supp. J.A. 43.
We find both arguments to be without merit. First, any obligations the Beasleys have under the Guarantee of Franchise Agreement do not create any rights for them under the Agreement, which the Supreme Court has explicitly required for a claim of relief under § 1981. Second, Section XXV does not establish that the Beas-leys are individually parties to the Agreement. This section only applies when the franchisee is a corporation, thus defeating the Beasleys’ claims that they are individual franchisees or parties to the Agreement.
Moreover, the specific language referenced by the Beasleys stating that they “individually ... executed this Agreement” does not establish that they are parties to the Agreement because, factually, the Beasleys did not individually execute the Agreement. First, Marcus Beasley did not execute the Agreement in any manner. Second, Denise Beasley signed above the notation “President.” Thus, she executed the Agreement only in her corporate — not individual — capacity. Signing in this representative capacity does not make her an individual party to the Agreement, and, therefore, no representation in the Agreement applies to her as an individual. See Ga.Code Ann. § ll-3-402(b) (if an authorized representative signs on behalf of another person or entity, the representative is not personally liable); Dewberry Painting Centers, Inc. v. Duron Inc., 235 Ga.App. 40, 508 S.E.2d 438 (Ga.App.1998) (holding that where corporate president “signed the document only in his representative capacity,” the president was not personally liable under the document).[1]
*267 In short, we hold that, according to the terms of the Agreement, Ventures is the franchisee.[2] Therefore, Ventures is the named party with rights under the Agreement. In contrast, the Beasleys, as sole shareholders of Ventures, are neither the franchisee nor a named party with rights under the Agreement. Therefore, pursuant to Domino’s Pizza, the Beasleys cannot bring a § 1981 claim.
IV.
For the foregoing reasons, we affirm the district court’s order dismissing the Beas-leys’ complaint.[3]

AFFIRMED.

. In his dissent, our colleague suggests that the implication of our decision is that Denise *267 Beasley would need to sign the Agreement twice to be bound as an individual. That is not so. Denise Beasley could have noted she was also signing in her individual capacity, or she could have signed without noting that she was doing so in her corporate capacity.

. The identity of the franchisee is unambiguous. Despite the fact that the Beasleys signed or initialed above the printed term 'franchisee,' the Agreement when read as a whole is only capable of being read as a contract between Arcapita and Ventures. See Gen. Steel, Inc. v. Delta Bldg. Sys. Inc., 297 Ga.App. 136, 676 S.E.2d 451, 453 (2009)(pursuant to Georgia law, which controls the Agreement, "no ambiguity exists where, examining the contract as a whole ... the contract is capable of only one reasonable interpretation.”).

. Arcapita moved to dismiss this appeal on res judicata grounds. We deny the motion. See Pueschel v. United States, 369 F.3d 345, 356 (4th Cir.2004) (recognizing the claim splitting waiver exception to res judicata).